**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **CHAPTER 13 TRUSTEE** | **CIVIL NO. 15-2035-CCC** |
| **ALEJANDRO OLIVERAS RIVERA** | |
|     **Appellant** | |
| | |
| **v.** | **Appeal from the** |
| | **Bankruptcy Court** |
| **ANTONIO OTERO NAZARIO** | |
|     **Appellee** | |

---

**APPELLANT CHAPTER 13 TRUSTEE ALEJANDRO OLIVERAS RIVERA**
**BRIEF ON APPEAL**

## APPELLANT'S TABLE OF CONTENTS

I.      **STATEMENT OF JURISDICTION**       **1-2**

II.     **STATEMENT OF THE ISSUES AND CONCISE STATEMENT OF STANDARD OF APPELLATE REVIEW**

     a.  Order denying Appellant's objection to exemption     **2-3**

        Whether the word "exclusively" in Section 3 of the Puerto Rico Homestead Act, Law 195 of September 13, 2011, as amended, modifies the word "occupied", or the phrase "as a principal residence".   **2**

        Whether the Bankruptcy court erred in not considering Appellant's alternative argument, as to grant the homestead exemption only as to the portion of the structure that is used by him as principal residence;   **2**

        Whether the bankruptcy court erred in not adopting the position of granting the homestead exemption, as exemplified in the case of *In re Navarro,* 504 B.R. 316 (Bankr.D.P.R. 2014), 2014 WL 293247, where the Bankruptcy Court by pen of Chief Bankruptcy Judge Enrique S. Lamoutte, granted the homestead exemption as to the part of the structure lived by the Appellee, not so as to the other part that he was renting out.   **3**

        Whether the 2011 Puerto Rico Homestead Law, Law 195 of September 13, 2011, as amended, provided for the rental of the property subject to a homestead exemption, and if it does, whether it allowed for the exemption claimed by Appellee in the instant case.   **3**

     b.  Order confirming debtor's chapter 13 plan     **3**

        Whether at the May 14, 2015 hearing, the Bankruptcy Court considered the requirements for confirmation of debtor's chapter 13 plan;   **3**

        Whether the Bankruptcy Court erred in confirming debtor's chapter 13 plan, when creditors, trustee and other parties in interest were not given adequate notice and

meaningful opportunity to appear and be heard as to the confirmation of debtor's plan after the Order denying trustee's objection to exemptions was entered.     **3**

**c.** Concise statement of standard of appellate review.                    **3**

**III.   STATEMENT OF THE CASE                                             4**

a.   Factual information that is relevant to the appeal                     **4**

b.   Motions by Appellant and Appellee regarding the objection to exemption controversy & Order granting Appellant's objection to exemptions (Doc. #16) **4**

**c.** Appellant's objection to confirmation of plan                        **6**

**d.** Hearings scheduled by the Bankruptcy Court                           **6**

**e.** Orders subject of the appeal                                         **7**

**IV.   SUMMARY OF THE ARGUMENT                                         7-10**

**V.    ARGUMENT AND CITATIONS OF AUTHORITY                           10-29**

**a.** Whether the word "exclusively" in Section 3 of the Puerto Rico Homestead Act, Law 195 of September 13, 2011, as amended, modifies the word "occupied", or the phrase "as a principal residence".     **10-16**

b.   Whether the Bankruptcy court erred in not considering Appellant's alternative argument, as to grant the homestead exemption only as to the portion of the structure that is used by him as principal residence;

Whether the bankruptcy court erred in not adopting the position of granting the homestead exemption, as exemplified in the case of In re Navarro, 504 B.R. 316 (Bankr.D.P.R. 2014), 2014 WL 293247, where the Bankruptcy Court by pen of Chief Bankruptcy Judge Enrique S. Lamoutte, granted the homestead exemption as to the part of the structure lived by the Appellee, not so as to the other part that he was renting out.                                                        **16-21**

**c.** Whether the 2011 Puerto Rico Homestead Law, Law 195 of September 13, 2011, as amended, provided for the rental of the property subject to a

homestead exemption, and if it does, whether it allowed for the exemption claimed by Appellee in the instant case. **21-23**

d. Whether at the May 14, 2015 hearing, the Bankruptcy Court considered the requirements for confirmation of debtor's chapter 13 plan; **23-29**

Whether the Bankruptcy Court erred in confirming debtor's chapter 13 plan, when creditors, trustee and other parties in interest were not given adequate notice and meaningful opportunity to appear and be heard as to the confirmation of debtor's plan after the Order denying trustee's objection to exemptions was entered. **23-29**

**VI.    CONCLUSION**                                                                      **29**

**VII.   CERTIFICATE OF COMPLIANCE**                                    **30**

**VIII.  CERTIFICATE OF SERVICE**                                           **30**

**APPELLANT'S BRIEF ON APPEAL**
**TABLE OF AUTHORITIES**

<u>**Case law**</u>

*Aldea v. Tomás y Pinán*, 51 D.P.R. 764 (1937), 1937 WL 5955……………………………………18

*Aroesty v. Bankowski (In re Aroesty)*, 385 B.R. 1, 3 (1st Cir. BAP 2008)…………………….. 2

*Avilés v. Torres*, 97 D.P.R. 144 (1969), 1969 WL 21649……………………………………..…..18

*In re Ballard*, 2007 WL 7340479 (Banrkr .D.S.C. 2007)…………………………………….. 24

*Blanco v. Pérez*, 46 D.P.R. 814 (1934), 1934 WL 4796………………………………………..…18

*Bullard v. Blue Hills Bank,* 135 S.Ct. 1686, 191 L.ED.2d 621, 83 USLW 4288……………… 1

*Calendario v. Muñiz,* 171 D.P.R. 530 (2007)……………………………………………………18

Carrillo v. Santiago, 51 D.P.R. 545 (1937)………………………………………………………    18

*Córdova & Simonpietri v. Crown American*, 122 D.P.R. 797 (1982)………………………….23

*Deborah A. Casey v. American Home Mortgage,*
*(In re Fuentes)* 417 B.R. 844, 848 (B.A.P. 1st Cir. 2009) ……………………………………   3

*In re Dingley*, 189 B.R. 264 (Bankr.N.D.N.Y. 1995)                                    25

*In re Englander*, 95 F.3d 1028 (11 Cir. 1996)…………………………………………… 19

In re Ensenat, 2007 WL 2029332 (Bankr.S.D.Fla.2007)………………………………………..19

*Fleet Data Processing Corp. v. Branch*
(In re Bank of New England Corp.), 218 B.R. 643, 646 (1st Cir. BAP 1998)……………..…1

*In re Foulk*, 134 B.R. 929, 931 (Bankr.D.Neb.1991)…………………………..…………….19,20,25

*García v. Pérez*, 46 D.P.R. 31, 1934 WL 4948 (1934)……………………………………….18,19

*Hildebrandt v. Collins (In re Hildebrandt),* 320 B.R. 40, 42–43 (1st Cir. BAP 2005)………… 2

*López Rudón v. López*, 48 D.P.R. 324 (1935), 1935 WL 5763…………………………………..18

*Massa v. Registrador de Caguas*, 30 D.P.R. 92 (1922), 1922 WL 4900…………..……………18

*In re Matos*, 478 B.R. 506, (B.A.P. 1st Cir.2012)…………………………………………....…2

*In re McIntoch*, 2015 WL 6736740 (9th Cir.BAP 2015)…………………………………………..24

*Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950)…………………….. 24

*In re Navarro*, 504 B.R. 316 (Bankr.D.P.R. 2014), 2014 WL 293247………………3, 8, 16, 17

*Oliveros v. Canales*, 40 D.P.R. 362 (1929), 1929 WL 5328…………………………………….18

*In re O'Neal*, 214 B.R. 405 (Bankr.N.D.Ala.1997)…………………………………………….26,27

*In re Peaslee*, 358 B.R. 545 (Bankr.W.D.N.Y. 2006)…………………………………………. 25

*In re Viviana Pérez Hernández*, 487 B.R. 353 (Bank.D.P.R. 2013)……………………………11

*Petrovich v. Secretary of the Treasury*, 77 P.R.R. 152 (1954),
modified on other grounds, 1956, 79 P.R.R. 237 ……………………………………………14

*Quiñones v. Gutierrez*, 29 D.P.R. 772 (1921)…………………………………………………19

*In Puckett*, 193 B.R. 842 (Bankr.N.D.Ill.1996)………………………………………………24

*Rivera García v. Registradora de la Propiedad*, 2013 TSPR 107………………….................12

*Schuck v. Verdejo*, 43 D.P.R. 955 (1932), 1932 WL 4519…………………………………...18

*Stornawaye Fin. Corp. v. Hill (In re Hill),* 387 B.R. 339, 345 (1st Cir. BAP 2008),
*aff'd,* 562 F.3d 29 (1st Cir.2009)………………………………………………………………….2

*TI Fed. Credit Union v. DelBonis*, 72 F.3d 921, 928 (1st Cir. 1995)………………………….3, 4

*United Aids Funds v. Espinosa,* 559 U.S. 260, 130 S.Ct.1367, 176 L.Ed.158 (2010)…....9, 26, 27

*Vázquez v. Font*, 53 D.P.R. 265 (1938), 1938 WL 7076……………………………..…………18

*Western Auto Supply Co. v. Savage Arms, Inc.*
*(In re Savage Indus., Inc.),* 43 F.3d 714, 719-20 n.8 (1st Cir. 1994)……………………..……4

In re Wilson, 393 B.R. 778 (Bankr.S.D.Fla.2008)……………………………………………19

**Statutes and Laws**

28 U.S.C. § 158(a) (1)……………………………………………………………… 1

28 U.S.C. § 158(c) (1) (3)…………………………………………………………… 2

## Bankruptcy Code

Section 522(b)(3)(A)……………………………………………………………….. 4, 11

11 U.S.C. §1325(a)(4)……………………………………………………………… 9,20,28

Section 1302(b)(2)(B)……………………………………………………………… 9,10, 24, 25

Section 1322…………………………………………………………………….. 24,27

Section 1324(a)……………………………………………………………8, 10, 24, 25

Section 1325…………………………………………………………..20,24, 25,27, 28

Section 1325(a)……………………………………………………………………… 9

Section 1327(a)……………………………………………………………….. 26

## Puerto Rico Statutes

31 PRLA §12……………………………………………………….. ……… 23

31 PRLA §14………..……………………………………………………….. 12

31 PRLA §15………..……………………………………………………….. 14

31 PRLA §14………………………………………………………………..… 14

31 PRLA §§1112……………………………………………………………… 22,23

31 PRLA 1141………………………………………………………………… 22,23

31 PRLA 1142……………………………………………………………….22,23

31 PRLA §1858 ……………………………………..…….2, 11,  15, 16, 17, 20, 22, 28

31 PRLA §1858d………………………………………………………….8,21,22

31 PRLA §1858f …………………………………………………………….……16

31 PRLA §1858g…………………………………………………...…………………16

Law of March 12, 1903…………………………………………………..…11, 18,21

Puerto Rico Homestead Law of September 13, 2011, as amended,
31 PRLA §§1858-1858k……………………………………..……...2,3,4,8, 10, 11,12,19,21

## **Rules**

Fed. R. Bankr. P. 8002(a) (1)……………………………………………………………2

Fed. R. Bankr. P. 8005……………………………………………………………… 2

P.R. LBR 3015-2……………………………………………………………….. 7

P.R. LBR 3015-2 (e)…………………………………………………………………6

P.R. LBR 3015-2 (e) (2) (A)………………………………………………………… 6

## **Other**

Francis Bacon.  1561-1626 Philosopher and statesman…………………………………………15

82 C.J.S. Statutes § 386………………………………………………………………… 16

82 C.J.S. Statutes § 443……………………………………………………….. 13

Bryan A. Garner, The Redbook: A Manual on Legal Style 207 (3RD ED.2013)………….. 13,14

L. Muñoz Morales, Apuntes sobre el derecho de homestead, IV (Núm.3) Rev.
Jur. U.P.R. 78,88……………………………………………………………………………18

Merriam-webster.com, Definition of EXCLUSIVE (2013), http://www.merriam-
webster.com/dictionary/exclusively(last visited Sep 26,
2013)……………………………………………………………………12

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **CHAPTER 13 TRUSTEE** | **CIVIL NO. 15-2035-CCC** |
| **ALEJANDRO OLIVERAS RIVERA** | |
| **Appellant** | |
| | |
| **v.** | **Appeal from the** |
| | **Bankruptcy Court** |
| **ANTONIO OTERO NAZARIO** | |
| **Appellee** | |

---

### APPELLANT CHAPTER 13 TRUSTEE ALEJANDRO OLIVERAS RIVERA BRIEF ON APPEAL

**TO THE HONORABLE COURT:**

Comes now Appellant, Alejandro Oliveras Rivera, Chapter 13 Trustee, represented by the undersigned counsel and very respectfully submits the foregoing brief:

### I.      STATEMENT OF JURISDICTION

Pursuant to 28 U.S.C. § 158(a) (1), this Honorable District Court has jurisdiction regarding the United States Bankruptcy Court for the District of Puerto Rico's final Order denying trustee's objection to exemption entered on July 15, 2015 [Docket entry no. 71, Appendix pages 236-249] and; of its final Order confirming debtor's chapter 13 plan entered on July 16, 2015 [Docket entry no. 72, Appendix page 250].

"A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment". *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 646 (1st Cir. BAP 1998). An order confirming a chapter 13 plan is a final order. See *Bullard v. Blue Hills Bank,* 135 S.Ct. 1686, 191 L.ED.2d 621, 83 USLW 4288. An order denying or granting a trustee's objection to exemption is also a final order. See

*In re Matos*, 478 B.R. 506, (B.A.P. 1st Cir.2012); *Stornawaye Fin. Corp. v. Hill (In re Hill),* 387 B.R. 339, 345 (1st Cir. BAP 2008), *aff'd,* 562 F.3d 29 (1st Cir.2009); *Aroesty v. Bankowski (In re Aroesty),* 385 B.R. 1, 3 (1st Cir. BAP 2008)**;** *Hildebrandt v. Collins (In re Hildebrandt),* 320 B.R. 40, 42–43 (1st Cir. BAP 2005).

On July 29, 2015 Appellant filed a Notice of Appeal in the bankruptcy court as to both of the above mentioned Orders pursuant to Fed. R. Bankr. P. 8002(a) (1)[1] [Docket entry no.80, Appendix pages 251-252]. Per "Appellant Election Form", filed pursuant to FRBP 8005 and 28 U.S.C. § 158(c) (1) (3) on August 12, 2015, Appellant requested that the appeal be heard by this Honorable Court [Docket entry no. 80, Appendix pages 253-254]. On January 27, 2016, the bankruptcy court effectuated the transmittal of the complete record on appeal.[2]

## II. STATEMENT OF THE ISSUES AND CONCISE STATEMENT OF STANDARD OF APPELLATE REVIEW

**Order denying Appellant's objection to exemption**:

(a) Whether the bankruptcy court erred in ruling that debtor is entitled to claim an indivisible homestead exemption over his property, where the property has two stories and one is used as residence of the debtor and the other is rented out by debtor and/or his non-filing spouse.

(b) Whether the word "exclusively" in Section 3 of the Puerto Rico Homestead Act, Law 195 of September 13, 2011, as amended,[3] modifies the word "occupied", or the phrase, "as a principal residence".

[1] Hereinafter also referred to as "FRBP".
[2] Pursuant to FRE 201, Appellant requests this Honorable Court to take judicial notice of this fact.
[3] Section 3 is found in 31 LPRA § 1858. Law 195 will be referred to in this brief as the "2011 Puerto Rico Homestead Law", or "Law 195".

(c) Whether the Bankruptcy court erred in not considering Appellant's alternative argument, as to grant the homestead exemption only as to the portion of the structure that is used by him as principal residence.

(d) Whether the bankruptcy court erred in not adopting the position of granting the homestead exemption, as exemplified in the case of *In re Navarro*, 504 B.R. 316 (Bankr.D.P.R. 2014), 2014 WL 293247, where the bankruptcy court by pen of Chief Bankruptcy Judge Enrique S. Lamoutte, granted the homestead exemption as to the part of the structure lived by the debtor, not so as to the other part that the debtor was renting out.

(e) Whether the 2011 Puerto Rico Homestead Law, Law 195 of September 13, 2011, as amended, provided for the rental of the property subject to a homestead exemption, and if it does, whether it allowed for the exemption claimed by Appellee in the instant case.

**Order confirming debtor's chapter 13 plan:**

(a) Whether at the May 14, 2015 hearing, the bankruptcy court considered the requirements for confirmation of debtor's chapter 13 plan.

(b) Whether the bankruptcy court erred in confirming debtor's chapter 13 plan, when creditors, trustee and other parties in interest were not given adequate notice and meaningful opportunity to appear and be heard as to the confirmation of debtor's plan after the Order denying trustee's objection to exemptions was entered.

As to all of the issues presented in this appeal, appellate courts reviewing a decision from the bankruptcy court generally apply the "clearly erroneous" standard to findings of fact and *de novo* review to conclusions of law. *Deborah A. Casey v. American Home Mortgage, (In re Fuentes)* 417 B.R. 844, 848 (B.A.P. 1st Cir. 2009) citing *TI Fed. Credit Union v. DelBonis*, 72

F.3d 921, 928 (1st Cir. 1995); *Western Auto Supply Co. v. Savage Arms, Inc. (In re Savage Indus., Inc.),* 43 F.3d 714, 719-20 n.8 (1st Cir. 1994).

### III. STATEMENT OF THE CASE

**A. Factual information that is relevant to the appeal:**

Appellee, Antonio Otero Nazario filed a chapter 13 bankruptcy petition in the bankruptcy court on June 28, 2013. [Docket entry no. 1, Appendix pages 10-12].[4] On even date, "Schedule C"[5] was filed, wherein he claimed homestead exemption of $140,000.00 over his interest in a real property owned by him and his non-filing spouse in which he has his principal residence [Docket entry no. 1, Appendix page 13]. The exemption was claimed pursuant to Section 522(b)(3)(A) of the Bankruptcy Code and the Puerto Rico Homestead Law of September 13, 2011, as amended, 31 PRLA §§1858-1858k.

On June 28, 2013, Appellee filed in his bankruptcy case a chapter 13 plan dated June 26, 2013, with a proposed base of $10,800.00 [Docket entry no. 2, Appendix page 14].

At the meeting of creditors held on July 31, 2013, Appellee admitted under oath that he rents out the lower part of his two story real property [Docket entry no.11, Appendix page 17-19]. At least as of petition date, debtor has been renting the lower story of his structure [Docket entry no.191, Appendix page 144, Lines 1-3].

**B. Motions by Appellant and Appellee regarding the objection to exemption controversy & Order granting Appellant's objection to exemptions (Doc. #16)**

On August 2, 2013 Appellant filed a timely objection to Appellee's homestead exemption, alleging that Appellee did not provide Appellant with evidence of having executed a deed claiming the exemption ("*Acta Para Anotar Derecho a Hogar Seguro*"), and of it being

---

[4] Case 13-05391-MCF. All references to a docket number pertain to the docket in the mentioned case.
[5] It is Official Form 6A.

presented pre-petition at the Property Registry[6].  As additional grounds, Appellant alleged that Appellee did not use the property exclusively as his principal residence, as he was renting out the lower part [Docket entry no.12, Appendix page 20-24].

On September 5, 2013, the bankruptcy court granted as unopposed Appellant's objection to exemption [Docket entry no.16, Appendix page 26].   On same date, Appellee filed a motion for reconsideration, essentially stating that Appellant had no opposition to have the court rule on the merits of the exemption matter and requesting thirty (30) days for the parties to state their position on the subject matter [Docket entry no.17, Appendix pages 27-30].  On September 18, 2013, the bankruptcy court entered an Order granting the Motion for Reconsideration [Docket entry no.19, Appendix page 31].

On September 26, 2013, Appellant filed a "Memoranda of Law in Support of Trustee's Objection to Exemptions" [Docket entry no.21, Appendix pages 32-39].

On November 27, 2013, Appellee filed "Debtor's Response and Memorandum of Law In Opposition To Trustee's Objection to Exemptions" [Docket entry no.30, Appendix pages 43-64].

On February 24, 2014, Appellant filed "Trustee's Sur-Reply to debtor's Response to Trustee's Objection to Exemptions". (Doc. #38) [Docket entry no.38, Appendix pages 65-85].

On May 1, 2014, Appellee filed "Debtor's Rejoinder in Opposition to Trustee's Objection to Exemptions" [Docket entry no.48, Appendix pages 89-101].

On November 17, 2014, Appellant filed "Trustee's Motion in Compliance with Order" regarding the Order given by the bankruptcy court at the October 14, 2014 hearing to supplement the brief on the objection to exemption [Docket entry no.59, Appendix pages 172-184].

---

[6] Within the proceedings of this controversy, Appellant no longer pursued this ground of the objection since at some point after the Bankruptcy Court had granted Appellant's objection to exemptions, Appellee provided evidence that he and his non-filing spouse executed a homestead deed and that it was presented at the Property Registry prior to the filing of the bankruptcy petition.

On December 16, 2014, Appellee filed "Debtor's Memorandum in Compliance with Order" on same date. (Doc. #65) [Docket entry no.65, Appendix pages 185-201].

### C.      Appellant's objection to confirmation of plan

On August 21, 2013, Appellant filed a "Trustee's Report on Confirmation", wherein he objected to the confirmation of the plan, pointing out that Appellant had filed an objection to exemptions, since part of the real property was dedicated to rental [Docket entry no.14, Appendix page 25].

On October 31, 2013, Appellant filed an amended "Trustee's Report on Confirmation", wherein he objected to the confirmation of the plan, pointing out that the liquidation value could not be determined until the court adjudicated the objection to exemption controversy [Docket entry no.126, Appendix page  40].

### D.      Hearings scheduled by the Bankruptcy Court

The first confirmation hearing established under P.R. LBR 3015-2 (e), was scheduled for August 23, 2013 [Docket 71, Appendix Page 15].  On said date the hearing was rescheduled for November 13, 2013, in view of trustee's unfavorable report.  See P.R. LBR 3015-2 (e) (2) (A).[7] Thereafter, on November 13, 2013, the court did not hold a hearing instead, it scheduled oral argument for February 5, 2014 regarding the objection to exemption controversy [Docket entry no.28, Appendix page 42], On January 21, 2014, the Bankruptcy Court rescheduled the oral argument for May 8, 2014 [Docket entry no.35, Appendix pages 65-66].  On May 1, 2014, the bankruptcy court rescheduled the oral argument to July 10, 2014 [Docket entry no.45, Appendix page 88].  On June 30, 2014, the bankruptcy court rescheduled the oral argument to October 2,

---

[7] This Honorable Court is asked to take judicial notice of the rescheduling of the confirmation hearing to November 13, 2013.  A virtual entry in Docket 15 discloses such rescheduling.

2014 [Docket entry no.52, Appendix page 102]. On September 24, 2015, the bankruptcy court reschedule the oral argument for October 14, 2014 [Docket entry no.54, Appendix page 103].

On October 14, 2014 an oral argument was held in which Appellant and Appellee appeared. No confirmation hearing was held rather, the hearing was limited to the oral argument over the objection to the homestead exemption [Docket entry57, Appendix page 104 and Docket entry 91, Appendix pages 105-170].

On February 4, 2015, the bankruptcy court entered an "Order and Notice", scheduling the confirmation hearing for May 14, 2015, and notifying therein that timely objection to the confirmation must be filed in accordance with P.R. LBR 3015-2 [Docket entry no.66, Appendix page 202].

The hearing held on May 14, 2015 was another oral argument over the contested matter of trustee's objection to exemption. At said hearing, the court did not discuss nor made findings as to whether plan met all confirmation requirements of 11 U.S.C. §1325 [Docket entry 69, Appendix page 203 and Docket Entry 93, Appendix pages 204-235].

### E.     Orders subject of the appeal

On July 15, 2015 the bankruptcy court entered an Opinion and Order denying trustee's objection to exemption [Docket entry no.71, Appendix pages 236-249].     On the following day, July 16, 2015, the bankruptcy court entered an Order confirming debtor's chapter 13 plan dated June 26, 2013 [Docket entry no.72, Appendix page 250].

## IV.     SUMMARY OF THE ARGUMENT

The bankruptcy court erred in denying Appellant's objection to exemption, inasmuch Appellee is not eligible to claim the homestead exemption as he does not utilize his two story real property exclusively as his principal residence. Namely, Appellee rents out the lower story

of the property, and he has his principal residence in the second story. Appellant submits that Section 3 of the Puerto Rico Homestead Law, 31 PRLA §§1858, requires that the property be used "exclusively" as principal residence of the homesteader or his/her family. Thus, Section 3 does not allow for partial rental of the property. The bankruptcy court's holds a different view of the word "exclusively" in Section 3. Per the court's reasoning, the homesteader is allowed to rent part of the property and claim the exemption, as long as Appellee has the principal residence in that structure.

The bankruptcy court also erred in rejecting Appellant's argument based on Section 7 of the Law, 31 PRLA §1858d. Appellant's position is that through Section 7, the Puerto Rico Legislature included specific parameters by which the homestead right can be preserved, while renting the property, which parameters the Appellee does not meet. Namely, Appellee does not rent the entire property and he is renting it for reasons other than the ones provided for in Section 7.

As an alternative argument, Appellant submits that the bankruptcy court should have adopted the ruling of *In re Navarro*[8], Opinion and Order by Honorable Chief Bankruptcy Judge Enrique S. Lamoutte, where the debtor was allowed a homestead exemption only as to the portion used as a principal residence, and exemption was disallowed as to the part of the property that he was renting out.

Moreover, as to the Order confirming plan, Appellant contends that it should be reversed on due process grounds due to lack of adequate notice of the hearing on confirmation and also due to the fact that a confirmation hearing was not held. Pursuant to Section 1324(a), the bankruptcy court is required to give notice of the hearing on confirmation and to schedule a confirmation hearing. The purpose of the hearing is for the court to consider and make findings

---

[8] 504 B.R. 316 (Bankr. D.P.R. 2014).

as to whether the chapter 13 plan meets all confirmation requirements. In the United States Supreme Court case of *United Aids Funds v. Espinosa*, the Court pointed out that the bankruptcy court has a "statutory obligation" to verify that a plan meets all confirmation requirements Section 1325(a) of the Bankruptcy Code[9]. In turn, Section 1302 (b)(2)(B) orders trustee to "appear and be heard at any hearing that concerns confirmation of a plan", purpose being to address at said hearing to be heard as to whether plan complies with confirmation requirements. The bankruptcy court erred its Order confirming Appellee's chapter 13 plan since a hearing on confirmation was not held in this case. First, a hearing on confirmation was not held at the October 14, 2014 hearing [Docket entry 91, Appendix pages 105-171]. As to the May 14, 2015 hearing, it was not a confirmation hearing either. Although at the February 4, 2015 "Order and Notice", the bankruptcy court announced the scheduling of a hearing on confirmation for May 14, 2015 [Docket entry no.66, Appendix page 202], and although at the hearing held on said date the court initially stated that *"[w]e are here for a confirmation of a Chapter 13 plan"* [Docket entry 93, Appendix page 205, Lines 14-15], the reality is that the confirmation of the plan was not discussed at the May 14, 2015 hearing. The discussion was only as to matters pertaining to Appellant's objection to exemptions and Appellee's Opposition, and at conclusion of the hearing the bankruptcy court informed it would write an opinion on that controversy. [Docket entry 93, Appendix page 234, Lines 11-12]. In turn, since the essential confirmation requirement of the "best interest of creditors' test" of Section 1325(a) (4) of the Bankruptcy Code could not be determined until the Court ruled on Appellant's objection to exemptions, it is evident that at the May 14, 2015 the bankruptcy court could not rule whether the plan complied with all

---

[9] 559 U.S. 260, 130 S.Ct.1367, 176 L.Ed.158, at note 15.

confirmation requirements, thus, it should not be considered the confirmation hearing envisioned in Section 1324(a).

Moreover, since the bankruptcy court entered the Order confirming plan [Docket entry no.72, Appendix page 250] the day after the bankruptcy court had entered the Order denying Appellant's objection to exemptions [Docket entry no.71, Appendix pages 236-249], that did not allow Appellant adequate and reasonable opportunity to re-evaluate the case and determine if plan complied with all the statutory confirmation requirements. Also, by confirming the plan without a hearing to determine if the plan met all confirmation requirements was contrary to Section 1324(a) and did not allow Appellant to exercise its statutory duty under Section 1302(b)(2)(B) to appear and be heard at a hearing on confirmation. Thus, upon entering the Order denying Appellant's objection to exemptions, the bankruptcy court should have rescheduled the hearing on confirmation for a later date, as it had done in the past in this case.

As to Appellant's argument of lack of adequate notice on the hearing on confirmation, Appellant submits that, since there was no actual hearing on confirmation, the notice given to creditors on February 4, 2015 as to the May 14, 2015 hearing, allegedly to be one on confirmation [Docket entry no.66, Appendix page 202], should not be considered "adequate notice".

### ARGUMENT AND CITATIONS OF AUTHORITY

**The bankruptcy court erred in ruling that the debtor is entitled to claim an indivisible homestead exemption over his property, where the property has two stories and one is used as residence of the Appellee and the other is rented out by the Appellee and/or his non-filing spouse.**

**Whether the word "exclusively" in Section 3 of the Puerto Rico Homestead Act, Law 195 of September 13, 2011, as amended, modifies the word "occupied", or the phrase "as a principal residence".**

The above mentioned issues will be subject of a joint discussion, as these are related to each other.

Section 522(b) (3) (A) of the bankruptcy code allows an individual debtor who files bankruptcy to claim exemption under state or local laws that are applicable on petition date.[10] As revealed by Section 522 (b) (3), "*the [r]ights to exemptions are fixed as of the date of the petition*".[11] Moreover, "*… a debtor's entitlement to exemptions is contingent to his compliance with the respective statutory requirements*".[12] One of the requirements of Law 195 is set forth in Section 3, where the Legislature defines the homestead right. Pursuant to the language in that section, the property must be occupied exclusively as principal residence by the owner or his family. Considering the above legal criteria, it is Appellant's position that the bankruptcy court erred by ruling that Appellee is entitled to the homestead exemption, since at least as of petition date, Appellee lives in the second story of his property and rents out the first level [Docket entry no.191, Appendix page 144, Lines 1-3], thus negating the exclusive occupancy.

The introduction by the 2011 homestead law of the word "exclusively" was truly a watershed moment in the history of Puerto Rico Homestead Laws, considering that the former 1903 and 1936 laws did not include such wording in defining the homestead right. Appellant submits the importance of reviewing the prior statutes in order to attempt a better understanding

---

[10] See 11 U.S.C. § 522(b) (3) (A).

[11] Citation is from case law cited by Chief Bankruptcy Judge, Enrique S. Lamoutte in his Second Opinion of *In re Viviana Pérez Hernández*, 487 B.R. 353 (Bankr.D.P.R. 2013) which is the first bankruptcy Opinion in this district establishing that a debtor may claim homestead exemption in a bankruptcy proceedings under Law 195. It is pointed out, however, that the case is cited for the proposition that exemptions are established as of petition.

[12] [Docket entry no.71, Appendix page 239, Lines 8-9]

of the controversy in the case at bar, especially when local jurisprudence on Law 195 is

scanty[13]. The word "exclusively" is found in Section 3 of the Law, which provides as follows:

"**Section 3. - Homestead Right.-**

Every individual or head of family residing in Puerto Rico shall be entitled to own and enjoy, under the homestead right concept, a parcel and the structure located thereon, or a residence under the regime established in the Condominiums Act, which belongs to him/her or which he/she lawfully owns, and occupied by him/her or his/her family **exclusively** as a principal residence." (Our emphasis). 31 PRLA §1858.[14]

Appellant has argued that the word "exclusively" within the text of Section 3 presents no

ambiguity and that Article 14 of the Puerto Rico Civil Code mandates the following statutory

interpretation:

"*When a law is clear and free from all ambiguity, the letter of the same shall not be disregarded, under the pretext of fulfilling the spirit thereof.*" 31 PRLA §14. [Docket entry no.21, Appendix pages 34-35 and Docket entry no. 91, Appendix page 11, Lines 14-16].

The lack of ambiguity can be gathered from the definition of "exclusively". The word

"exclusively" is not a defined term in Law 195, thus, it is appropriate to rely on a dictionary

definition of the word. We use the online Merriam Webster dictionary for this purpose.

"Exclusively" is the adverb form of "exclusive" which latter word is defined as follows:

"*limiting or limited to possession, control, or use by a single individual or group; excluding*

*others from participation*", amongst other definitions[15] [Docket entry no.21, Appendix page 34,

---

[13] The Puerto Rico Supreme Court has published one case on Law 195, *Rivera García v. Registrador*, 2013 TSPR 107, which addresses the unrelated issue whether consent of other co-owners is needed by a widow co-owner of a property to record her homestead right in the Property Registry. Moreover, Appellant has not found cases by the Puerto Rico Court of Appeals on the subject matter.

[14] The mentioned Section is the English translation of "Article 3" of Law 195, which was originally drafted in Spanish. Since the Bankruptcy Court relied on the English version when rendering the appealed Order (Doc. #71), reference will be made to the English version when discussing the various provisions of Law 195 in this brief. Since this courts conducts a de novo review on the law, this Court is invited to review the original version in Spanish if it deems appropriate.

[15] Merriam-webster.com, Definition of EXCLUSIVE (2013), http://www.merriam-webster.com/dictionary/exclusively (last visited Sep 26, 2013)

Docket entry no. 38 Appendix pages 69-70]. In summary; use by one, excluding others. In turn, within the context of Section 3, Appellant has argued that "exclusively" modifies the verb "occupied"; in turn, what is "occupied" is the "structure" mentioned above in said section [Docket entry no.38, Appendix page 72 and Docket entry no. 91, Appendix page 110, Lines 16-21 and page 111, Lines 1-13],. This interpretation takes into account the entire Section 3, as it refers to: (a) the structure; (b) occupied exclusively; (c) by the owner and/or family; and, (d) as principal residence. Appellant's interpretation is supported by Chief Bankruptcy Judge, Enrique S. Lamoutte in the case of *In re Navarro*,[16] where the court reasoned that *"…t]he property claimed as exempt must be 'occupied…exclusively as a principal residence'"*.

In its Order denying Appellant's objection to exemptions, the bankruptcy court rejected Appellant's interpretation and instead, applied a general grammar rule in interpreting its meaning In this respect, the court concluded:

> *"As a general rule, an adverb should be placed as near as possible to the word it modifies. Here, the adverb "exclusively" immediately precedes the prepositional phrase 'as a principal residence' rather than 'occupied'. If the adverb 'exclusively' preceded 'occupied' then the occupancy of the principal residence would be unequivocally modified by the adverb 'exclusively'. The trustee would then be correct in his analysis that the debtor is disqualified from claiming the homestead protection over his residence because he shares the occupancy of his residence with a tenant. Nevertheless, the adverb's placement trumps the trustee's interpretation because exclusively is in close proximity and precedes the prepositional phrase 'as a principal residence'."* [Docket entry no.71, Appendix page 242, Lines 13-20]

Appellant disagrees with the Court's analysis as to the proximity of the word "exclusively" to the prepositional phrase. If we take off from the text of the law the intervening subjects that appear before the word "exclusively" - *him/her or his/her family*- then "exclusively" is as close to "occupy" as the prepositional phrase "as principal residence". Furthermore, the fact that the adverb "exclusively" precedes the prepositional phrase is not

---

[16] *504 B.R. 316 (Bankr .D.P.R. 2014) WL 293247.*

dispositive of the controversy, since the "last antecedent doctrine" is an acceptable grammatical rule, where the adverb is preceded by the words or clauses it is modifying[17]. In fact, the authority relied by the Bankruptcy Court, *The Redbook*[18] [Docket entry no.71, Appendix page 242, Lines 25-27] warns of the following:

> "No exact and determinate rule can be given for the placing of adverbs on all occasions. The general rule may be of considerable use; but the easy flow and perspicuity of the phrase are the things which ought to be chiefly regarded."

Additionally, Section 15 of the Civil Code warns that, in interpreting a statute, the court has to consider the "*general and popular use*", rather than applying "*exact grammatical rules*"[19]. In turn, as per interpretation by the Puerto Rico Supreme Court of Article 18 of the Civil Code[20], language in a section of a statute should not be considered in an isolated manner, but must be interpreted along with the rest of the section of which it is a part, or with the rest of the law as a whole[21]. In the instant case, the interpretation given by the court to "exclusively" is flawed as it does not consider the interplay of such word with the word "structure" in Section 3.

In sum, Appellant's interpretation of the word "exclusively" considers the valid grammar rule of the "last antecedent doctrine", while accomplishing the goal of Section 18 of the Puerto Rico Civil Code, by taking into account the entire wording of section 3.

---

[17] "Under the last antecedent doctrine, where no contrary intention appears, relative and qualifying words, phrases, and clauses are to be applied to the immediately preceding words or phrase…." 82 C.J.S. Statutes § 443

[18] Bryan A. Garner, *The Redbook: A Manual on Legal Style* 207 (3RD ED.2013).

[19] "*The words of a law shall generally be understood in their most usual signification, taking into consideration, not so much the exact grammatical rules governing the same, as their general and popular use.*" 31 PRLA §15.

[20] 31 PRLA §18: "*Laws which refer to the same matter, or whose object is the same, shall be interpreted with reference to each other, in order that what is clear in one may be employed for the purpose of explaining what is doubtful in another.*"

[21] See *Petrovich v. Secretary of the Treasury*, 77 P.R.R. 152 (1954), modified on other grounds, 1956, 79 P.R.R. 237.

The Court also erred in its Order denying Appellant's objection to exemptions, when interpreting that "exclusively" meant that Appellee could only claim his "principal residence", instead than any other property he may own.  In this respect, the Court explained:

> "[*t*]*he word 'exclusively' refers to the homesteader's principal residence as the sole residence eligible for entitlement to the homestead grant, with the exclusion of any other properties that a homesteader may own*.  For this reason, the adverb's purpose in the sentence structure undermines the trustee's reading of Section 3" {Docket Entry no.71, Appendix Page.243, Lines 1-4}

Along this line of thought, the bankruptcy court agreed with Appellee's interpretation of "exclusively" [Docket entry no.30, Appendix pages 49-50, Docket entry no. 48, Appendix pages 91,97], which the court refers to as follows:

> "Contrary to the trustee's argument, the debtor's distinction of a claimed homestead property as principal residence vis-à-vis other residential properties comports with sections of Act 195 and the underlying legislative intent to protect creditors from fraudulent homestead claims.  For this reason, the trustee's argument is unsubstantiated by Act 195." {Docket Entry no. 71, Appendix Page 246, Lines 16-19}

The bankruptcy court and Appellee's reasoning would be tantamount to allowing homestead right to an owner of a structure, who for example, dedicates part of the property to operate a mini-market, a student dormitory, a hotel or "parador"[22], or any other commercial activity, while devoting another part of that structure for his/her principal residence.  This would run contrary to the Legislature's intent to grant homestead protection to a structure that is occupied only as principal residence of the homesteader or the family.   "*Judges must beware of hard constructions and strained inferences; for there is no worse torture than the torture of laws*".[23]  Furthermore, Appellant finds troublesome the Court and Appellee's interpretation since "exclusively" is not needed to establish that the homestead right is for the principal residence only.  Section 3 already states that the right pertains to the "principal residence".   Additionally,

---

[22] By this we mean  hostelries as those we have in Puerto Rico.
[23] Francis Bacon.  1561-1626  Philosopher and statesman.

Section 3 does not include any language to conclude that "exclusively" was to distinguish the principal residence from other properties the homesteader may own. Moreover, Section 9 of the law, 31 PRLA §1858f, already provides that the homesteader may only claim homestead over one property and Section 10, 31 PRLA §1858g, establishes that this prohibition is enforced with criminal sanctions. As a matter of fact, as argued by Appellant before the bankruptcy court [Docket entry no. 91, Appendix page 112, Lines 9-16], the former 1936 homestead law already established that there could be only one homestead claim, otherwise, the person would be subject to criminal sanction[24]. See 31 PRLA §1854. As per the above said, the bankruptcy court and Appellee's interpretation of "exclusively" appears to be flawed, otherwise that word would be mere surplasage. In matters of statutory construction, it has been said:

> "It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that if it can be prevented, no clause, sentence, or word is superfluous, surplusage, nugatory, void, meaningless, or insignificant. Each provision is presumed to have a purpose, to have been included for a reason, and to add something that would not otherwise be included within the terms of the statute". …." 82 C.J.S. Statutes § 386

Considering that "exclusively" must have had a specific purpose for the Legislature when enacting Law 195, Appellant submits that it was placed in Section 3 to mean that the entire property had to be occupied as principal residence in order for the homestead right to attach.

**Whether the Bankruptcy court erred in not considering Appellant's alternative argument, as to grant the homestead exemption only as to the portion of the structure that is used by him as principal residence;**

**Whether the bankruptcy court erred in not adopting the position of granting the homestead exemption, as exemplified in the case of In re Navarro, 504 B.R. 316 (Bankr.D.P.R. 2014), 2014 WL 293247, where the Bankruptcy Court by pen of Chief Bankruptcy Judge Enrique S. Lamoutte, granted the homestead exemption as to the part of the structure lived by the Appellee, not so as to the other part that he was renting out.**

---

[24] Section 1854 of the 1936 Law reads in pertinent part: "That every person who, truthfully or falsely availing himself of his status as head of a family, obtains personally or through another person, **or attempts to obtain, the registration in a registry of property of such exemption on more than one property owned by him,** shall be guilty of a felony and confined in the penitentiary for a term of from one to five years;…" (Our emphasis)

While Appellee is not entitled to the homestead exemption, Appellant presented to the Bankruptcy Court the alternate argument, to grant Appellee a partial homestead exemption as to the part of the structure that is occupied by him and his family as principal residence and not as to the remaining portion of the structure [Docket entry no.91, Appendix page 116, Lines 19-24]. This argument comes as a result of the Opinion and Order by pen of Honorable Chief Bankruptcy Judge Enrique S. Lamoutte, in *In re Navarro*[25], where, ruling on trustee's objection to the homestead exemption under Law 195, the court granted the objection in part, allowing debtor exemption only as to the part of the property dedicated as his principal residence. In this respect, the ruling of the Court was:

"The court thus rules that the homestead exemption afforded in the 2011 PR Home Protection Act only extends to the portion of the property used as the principal residence and cannot include any portion rented to and occupied by third parties and/or used for commercial purposes. This conclusion comports with Article 3 of the 2011 PR Home Protection Act's requirement that the property be 'occupied by [homesteader] or his/her family exclusively as a principal residence".

The bankruptcy court in the instant case declined the argument of the partial exemption for "lack of statutory basis" [Docket entry no.71, Appendix page 248, Lines 23-24]. As part of its reasoning in rejecting the partial exemption, the bankruptcy court concluded that for purposes of Law 195, *"[t]he requirements for the homestead exemption are that the claimed property be the homesteader's principal residence, excluding any residential property, and that the homesteader or his or her family members occupy the claimed residence"* [Docket entry no.71, Appendix page 247, Lines 24-26]. As discussed in this brief, Appellant understands that the

---

[25] 504 B.R. 316 (Bankr.D.P.R. 2014) WL 293247. In the transcript of the October 14, 2014 and May 14, 2015 hearings in this case, reference is made to the case of *In re Navarro* as "In re Veguilla", since the latter is the name by which the case was referred to, prior to the official citation in 504 B.R. 316 (Bankr.D.P.R. 2014). [Docket entry no. 91, Appendix pages 115, Lines 20-23 and Docket entry no 93, Appendix page 216]

court erred in its reasoning and conclusion, since Section 3 requires that the entire property be occupied by Appellee or his family as principal residence.

In rejecting the alternative argument of a partial exemption, the bankruptcy court also considered that the Texas and Florida homestead statutes contain a size requirement that Law 195 does not have [Docket entry no.71, Appendix page 247, Lines 11-12].    With respect to this finding by the court, Appellant's alternative argument has been that the <u>Florida</u> homestead case law can be applied in adjudicating the controversy in the instant case, as it is similar to Law 195. See "Trustee's Sur-Reply to debtor's Response to Trustee's Objection to Exemptions". (Doc. #38) [Docket entry no.38, Appendix page 82].    Appellant's arguments in favor of applying the Florida homestead case law are various.    <u>First</u>, although Florida law may contain a size limitation that ours does not have, that should not be a factor to disregard the proposition of a partial exemption and the Florida jurisprudence.  In this respect, weight should be given to the fact that our first homestead law of 1903 was enacted based on the Illinois homestead law,[26] and historically, our Puerto Rico Supreme Court has examined Illinois homestead case law, as well as from other States in resolving cases on appeal regarding Puerto Rico homestead law.[27]    In fact, the case of *García v. Pérez, supra*, is an example of why the bankruptcy court erred in discarding the Florida homestead law due to the size limitation.   In *García v. Pérez, supra*, one of the controversies was whether the homestead could be claimed over non-contiguous lots.  The Puerto Rico Supreme Court, concluded there that the homestead right could be claimed over non-contiguous lots, adopting the reasoning of case law from various states, including Alabama,

[26] See *Candelario Vargas v. Muñiz*, 171 D.P.R. 530 (2007); 2007 WL 1828847 ("…La ley de hogar seguro de 1903 proviene de la ley de hogar seguro de Illinois. L. Muñoz Morales, *Apuntes sobre el derecho de homestead*, IV (Núm. 3) Rev. Jur. U.P.R. 78,88 (1935)").

[27] See *Carrillo v. Santiago*, 51 D.P.R. 545 (1937); *García v. Pérez*, 46 D.P.R. 31, 1934 WL 4948 (1934); *Blanco v. Pérez*, 46 D.P.R. 814, 1934 WL 4796; *Vazquez v. Font*, 53 D.P.R. 265, 1938 WL 7076; *Oliveros v. Canales*, 40 D.P.R. 362, 1929 WL 5328; *López Rudón v. López*, 48 D.P.R. 324, 1935 WL 5763; *Schuck v. Verdejo*, 43 D.P.R. 955, 1932 WL 4519; *Aldea v. Tomas y Pinan*, 51 D.P.R. 764 1937 WL 5955; *Avilés v. Torres*, 97 D.P.R. 144, 1969 WL 21649; *Massa v. Registrador de Caguas*, 30 D.P.R. 92, 1922 WL 4900.

which latter state has a homestead statute with a size requirement. Along the analysis of the Supreme Court of Puerto Rico in *García v. Pérez, supra*, where the court viewed the similarity of the Alabama statute to the homestead controversy before the court, we submit that in the instant case, the bankruptcy court should have considered favorably the Florida case law establishing a partial exemption, since the Florida statute contains a similar provision to Law 195, whereby the residence of the homesteader is subject of protection [Docket entry no. 91, Appendix page 117, Lines 10-15]. In fact, Florida law's protection is broader since it protects a "residence", not necessarily a principal residence. In this sense, Law 195 can be viewed as more restrictive than the Florida Law, thus, Appellant's proposal that the partial exemption envisioned under Florida case law be applied in this case does not lead to an absurd result and it benefits Appellee. Secondly, both the Puerto Rico[28] and Florida Homestead Laws[29] require a liberal interpretation in the most favorable manner to the debtor. Hence, granting Appellee a partial exemption in this case would be in furtherance of the liberal interpretation, since Appellee would be receiving at least a partial exemption, for his use of the portion of the structure as his principal residence, although not meeting all requirements under Law 195. Lastly, a partial exemption in this case would exemplify an "*equitable solution, [that] allows for an appropriate recognition of the debtors' homestead exemption and will afford the creditors some satisfaction of their rightful claims*", that was considered by the Court of Appeals for the Eleventh Circuit in the case of *In re Englander*, 95 F.3d 1028 (11 Cir. 1996), and adopted by Judge Lamoutte in the case of *In re Navarro, supra*. In *Englander, supra*, the pronouncement was made within the context of a chapter 7 where upon granting a partial exemption, property was to be sold and debtor would

[28] See *Quiñones v. Gutierrez*, 29 D.P.R. 772 (1921).
[29] See *In re Wilson*, 393 B.R. 778 (Bankr.S.D. Fla.2008) ("As I have previously noted, Florida's constitutional and statutory provisions regarding homestead property 'should be interpreted in the liberal and beneficent spirit in which they were conceived and enacted in the interest of the family home."), citing *In re Ensenat*, 2007 WL 2029332 (Bankr.S.D.Fla. 2007).

obtain proceeds equivalent to the value of his exemption and the value of non-exempt property would go to his unsecured creditors. In a chapter 13 case, an analogous pronouncement would take place by having the debtor retain the property, and pay unsecured creditors the value of the non-exempt equity of the part of the property that is not occupied as principal residence. In this respect, in the case of *In re Foulk*, the bankruptcy court for the District of Nebraska explained:

> "Sat**isfaction of § 1325(a) (4), which is referred to as the 'best interest of creditors' test,' is a <u>fundamental condition to confirmation</u>. <u>It assures that creditors will be paid, at minimum</u>**, the amount which they would be paid if the case was a Chapter 7 liquidation. Chapter 13 is advantageous to debtors because they retain all their assets, including non-exempt assets, and make payments to creditors over a period of time during which debtors enjoy the protection afforded by bankruptcy law. This benefit is carefully balanced by the best interest of creditors' test of § 1325(a) (4). Under this statutory quid pro quo the debtor keeps his or her assets and creditors are assured of receiving what they would be paid in a Chapter 7 liquidation." (Our emphasis)

As we see, in the instant case, Law 195 cannot be viewed in a vacuum. Rather, the law should be seen in the context of a bankruptcy case. Specifically as it pertains to the issues in this appeal, if the homestead exemption is disallowed in its entirety, pursuant to Section 1325(a)(4),[30] Appellee's unsecured creditors would be entitled to receive the full value of the property less liquidating expenses, in exchange for Appellee's ability to retain the property. In turn, under Appellant's alternative argument, Appellee would pay the value of the non-exempt portion of the property that is not occupied as principal residence less liquidating expenses, in exchange for retaining the property. In fact, this may be the only opportunity for appellee's unsecured creditors to receive distribution on their claims. Appellee's unsecured creditors in this

---

[30] 11 USC § 1325 Confirmation of Plan
  (a) Except as provided in subsection (b), the court shall confirm a plan if-
      (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;

case are interested in receiving distribution, if we consider that proofs of claims have been filed

by the five creditors listed by debtor in the schedules of this case".[31]

**Whether the 2011 Puerto Rico Homestead Law, Law 195 of September 13, 2011, as amended, provided for the rental of the property subject to a homestead exemption, and if it does, whether it allowed for the exemption claimed by Appellee in the instant case.**

Appellant also presented before the bankruptcy court an argument as to the non-applicability of Appellee's claim of homestead exemption, based on not meeting the provisions of Section 7 of Law 195 [Docket entry no.38, Appendix Pages 74-75; Docket entry 59, Appendix Pages 179-183]. The bankruptcy court ruled on this matter:

"The trustee prompts the Court to consider Section 7 of Act 195-which provides for the temporary lease of homesteader's principal residence in case of relocation to another residence in or outside the Commonwealth-as a decisive blow to the debtor's claim of homestead. The trustee argues that the debtor herein is not leasing the property due to temporary relocation. The trustee claims that this provision governs all instances of leasing. This proposition is flawed." [Docket entry no.71, Appendix page 245, Lines 2-6].

Appellant submits that the above conclusion and ruling of the court is erroneous, since as argued by Appellant before the bankruptcy court, Section 7 of Law 195 is indicative of the rental scenarios by which a homesteader could protect the homestead exemption [Docket entry no.91, Appendix page 157, Lines 6-25 and page 158, Lines 1-8]. Appellee's rental does not meet any of the rental scenarios contemplated by the law [Docket entry no.38, Appendix pages 74-75, Docket entry no. 59, Appendix pages 179-180]. The Puerto Rico Homestead Laws of 1903 and 1936 did not have a homestead preservation clause, like the current law has in Section 7, with the rental scenarios therein mentioned [Docket entry no. 59, Appendix page 180]. If the Legislature

---

[31] Appellant requests this Honorable Court to take judicial notice, pursuant to FRE 201, of the claims filed in this case, as well as of the amounts of said claims. These are the following: Santander, Claim No. 1, $6,933.50; Prestamás, Claim No. 2, $5,987.51; Citifinancial, Claim No. 3, 6,499.07; Cooperativa de Ahorro y Crédito de Manatí, Claim No.4, consisting of the unsecured amount of $4,604.79 and a secured portion of $778.87, and GE Capital Retail Bank, Claim No. 5, $653.68.

intended to include any other instances by which the homestead exemption can be protected while leasing a property, it would have appeared in the law. Of great importance is the fact that Section 7, *31 PRLA §1858g*, specifically considers the rental of the entire property [Docket entry no. 59, Appendix page 182] , a conclusion that the bankruptcy court agreed in its Opinion and Order [Docket entry no.71, Appendix page 245, Lines 10-14]. Moreover, the mentioned section includes specific situations, as the rental being due to reasons such as military, illness, studies, none of which are the situations presented in the case at bar [Docket entry no. 59, Appendix page 182]. Furthermore, noticeable from Section 7 is the absence of language such as "except as otherwise indicated in this law", thus, revealing that the only situations by which a person renting his/her property can protect the homestead exemption are those specifically outlined in Section 7 [Docket entry no. 59, Appendix page 182].

The bankruptcy court concluded that Appellee's rental of part of his property was within the faculties granted under Section 3 homestead right. As to this matter, the court concludes: "*The debtor's lease of the lower level portion of his claimed residence and the enjoyment of rents from said lease, while the debtor lives in the upper level, is an exercise of the faculties of use and enjoyment that Act 195 and the Civil Code affords the debtor*" [Docket entry no.71, Appendix page 248, Lines 21-24]. We disagree with the court's reasoning. First, while Section 3 has within the homestead definition the right to "*enjoy*" the property, said section specifies that it is "*under the homestead concept*". Most definitely, to be "under the homestead concept", the homesteader must comply with the homestead definition in Section 3, which includes that the entire property must be occupied as the homesteader or his/her family's principal residence. Secondly, the court's analysis, based on the Civil Code property rights to "use and enjoy" the property [Docket entry no.71, Appendix pages 243, Lines 18-22, 24-27; page 244, Lines 1-17], is

misplaced since the controversy in this case is not whether Appellee is the owner of the property, whether he can rent it, or whether he can receive rental income.  The issue is whether Appellee is entitled to the homestead exemption and none of the Puerto Rico Civil Code provisions cited by the Court, *Articles 281, 288 and 289, 31 PRLA §§1112, 1141, and 1142*, establish a right to claim an exemption.[32]  Even if, *arguendo*, the mentioned Civil Code provisions were to be construed as establishing a right to claim the homestead exemption, we submit that Law 195, being a special law must have preeminence over the Puerto Rico Civil Code provisions, which are general in nature.  As to this proposition we refer to Section 12 of the Puerto Rico Civil Code which provides as follows: "*In matters which are the subject of special laws, any deficiency in such laws shall be supplied by the provisions of this title.*"  31 PRLA §12; *Córdova & Simonpietri v. Crown American*, 1222 D.P.R. 797 (1982).  Having Law 195 established what is required to acquire the homestead right, there is no need to consider the Civil Code for that purpose.

**Whether at the May 14, 2015 hearing, the Bankruptcy Court considered the requirements for confirmation of   debtor's chapter 13 plan;**

**Whether the Bankruptcy Court erred in confirming debtor's chapter 13 plan, when creditors, trustee and other parties in interest were not given adequate notice and meaningful opportunity to appear and be heard as to the confirmation of debtor's plan after the Order denying trustee's objection to exemptions was entered.**

---

[32] Title 31, §1112, Art.281 provides*:* The right of ownership, with regard to things may be of different kinds: 1. A full and entire ownership, or the right to use, enjoy and alienate things. 2. The right to use or to enjoy them, or both at the same time. 3. The right to certain servitudes constituted upon immovable."

Title 31, §1141, Art.288 provides: "To the owner belong" 1. The natural fruits.  2. The cultivated fruits. 3. The civil fruits."

Title 31, §1142, Art.289 provides:"Natural fruits are the spontaneous productions of the soil, and the broods and other products of animals.   Cultivated fruits are those produced by lands of any kind through cultivation or labor.  Civil fruits are the rents of buildings, the price paid for the lease of lands, and the amount of perpetual, life or other similar incomes."

The above matters will be discussed jointly, as they are related to each other. Appellant submits that the Order confirming plan [Docket entry no.72, Appendix page 250] should be reversed since there was no adequate notice of the hearing on confirmation <u>and</u> there was no confirmation hearing held, thus Appellant did not have a meaningful opportunity to appear and be heard at a confirmation hearing. We will begin the discussion with the bankruptcy court's failure to have a confirmation hearing.

"*The fundamental requisite of due process of law is the opportunity to be heard*".[33] In the context of a chapter 13 bankruptcy case, the opportunity to be heard is of such importance that Section 1324(a) of the Bankruptcy Code specifically requires that a hearing on confirmation be held. Said Section provides in pertinent part:

> "Except as provided in subsection (b) and after notice, the court shall hold a hearing on confirmation of the plan. A party in interest may object to confirmation of the plan".

Thus, through the word "shall", Section 1324(a) does not give discretion to the court whether to hold the confirmation hearing or not; it must take place. While not specifically outlined in the mentioned Section, the purpose of the hearing on confirmation is to determine if a chapter 13 debtor's plan complies with the confirmation requirements of Section 1322 and 1325 of the Bankruptcy Code ("*Pursuant to Section 1324, creditors are given the opportunity, at a hearing on confirmation, to seek denial of confirmation by objecting to any proposed plan that does not comply with the provisions of Section 1322 and 1325.*")[34]

In turn, pursuant to Section 1302 (b) (2) (B) of the Bankruptcy Code, Appellant is obliged to "appear and be heard" at a confirmation hearing. Said Section provides: "*the trustee shall appear and be heard at any hearing that concerns confirmation of a plan*". Based on this

---

[33] *In re McIntosh*, 2015 WL 6736740 (9th Cir.BAP 2015), citing *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950).
[34] See for this purpose *In re Puckett*, 193 B.R. 842 (Bankr.N.D.Ill.1996).

provision, the 9th Circuit Bankruptcy Appellate Panel has expressed that *"[t]he chapter 13 trustee has an affirmative statutory duty to appear and be heard on the question of plan confirmation."*[35] As a corollary of Section 1302(b) (2) (B), bankruptcy courts have established that a chapter 13 trustee is a "*party-in-interest*" with standing to object to the confirmation of the plan. See *In re Ballard*, 2007 WL 7340479 (Banrkr .D.S.C. 2007). In explaining the role of the trustee at a confirmation hearing, a bankruptcy court has said:

>  "In view of these Sections [1302(b)(2)(B), 1324(a) and 1325], this Court has always considered the Chapter 13 Trustee to be an officer of the Court who will assist it in insuring that the provisions of Section 1325 are complied with in connection with the confirmation of any Chapter 13 plan".[36]

Besides assisting the courts, a chapter 13 trustee's role in the confirmation of a plan is especially important for unsecured creditors, who many times rely on him to verify that a debtor's plan complies with all confirmation requirements. Particularly this may be more frequent in cases with small claims, <u>as in the case at bar</u>.[37] In this respect we find appropriate the following court pronouncement[38]:

>  *"*It is not disputed herein that the Trustee possesses standing to raise and be heard on objection to confirmation of plans. See Code § 1302(b) (2) (B). Indeed, it is the Trustee's duty to review plans to determine if the requirements of confirmation are met and to make a recommendation to the court either opposing or supporting confirmation. In re Foulk, 134 B.R. 929, 931 (Bankr.D.Neb.1991). **Generally the Trustee's efforts advance or defend the rights and treatment of unsecured creditors under the plan. As observed in Foulk, "[t]he unsecured creditors often have such small claims and such a low expectation of any payment that they do not retain counsel and they do not object to confirmation**. The Chapter 13 standing trustee is paid from the bankruptcy estate, and the trustee has fiduciary duties to creditors." (Our emphasis)

---

[35] In re Hill, 268 B.R. 548 (9th Cir. BAP 2001).

[36] *In re Peaslee*, 358 B.R. 545 (Bankr.W.D.N.Y. 2006).

[37] Appellant requests this Honorable Court to take judicial notice, pursuant to FRE 201, of the claims filed in this case, as well as of the amounts of said claims. These are the following: Santander, Claim No. 1, $6,933.50; Prestamás, Claim No. 2, $5,987.51; Citifinancial, Claim No. 3, 6,499.07; Cooperativa de Ahorro y Crédito de Manatí, Claim No.4, consisting of the unsecured amount of $4,604.79 and a secured portion of $778.87, and GE Capital Retail Bank, Claim No. 5, $653.68.

[38] In re Dingley, 189 B.R. 264 (Bankr.N.D.N.Y. 1995).

Besides the scheduling of a hearing on confirmation, Section 1324(a) also establishes a mandatory requirement that there be a notice of the hearing on confirmation.  On this respect, a bankruptcy court has noted the importance of such notice:

> "The law regarding the consequences of the failure to give a creditor notice of a bankruptcy confirmation hearing is unequivocal.  The basis is constitutional.  Notice and an opportunity to be heard are necessary to insure that due process is provided…."[39]

It is important to emphasize that it is notice "*reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections*"[40].  Moreover, adequate notice is so crucial that in the United States Supreme Court case of *United Aids Fund, Inc. v. Espinosa*[41], the Court found that even if a plan contained a provision that was contrary to the law, if a creditor with notice did not object to the plan, the terms of the plan would be binding on the creditor pursuant to Section 1327(a) of the Bankruptcy Code.  The Supreme Court stated that only a jurisdictional error or a due process violation would be basis to attack the validity of an order confirming plan.  Furthermore, expanding on the importance of the notice requirement, a bankruptcy court has stated that "[t]*he notice to be given is 'an elementary and fundamental requirement of due process in any proceeding which is to be accorded finality…*'[42]".   In view of the consequences of the finality of the confirmation order, as enunciated by Section 1327(a) and by *Espinosa, supra*, adequate notice of the hearing on confirmation in chapter 13 is particularly important.

---

[39] *In re O'Neal*, 214 B.R. 405 (Bankr.N.D.Ala.1997).

[40] *United States Aid Funds v. Espinosa,* 559 U.S. 260 (2010), 130 S.Ct. 1367, 176 L.Ed.2d 158, 78 USLW 4207, citing *Mullane v. Central Hanover Bank & Trust*. Co., 339 U.S. 306, 314, 70 U.S.  652, 94 L.Ed. 865 (1950).

[41]  *United States Aid Funds v. Espinosa,* 559 U.S. 260 (2010), 130 S.Ct. 1367, 176 L.Ed.2d 158, 78 USLW 4207.

[42] *In re O'Neill, supra,* citing *Mullane v. Central Hanover Bank & Trust, supra*.

Finally, the fact that Appellant may have had available the opportunity to seek reconsideration or appeal of the Order confirming plan, "*cannot serve as substitutes for [his] constitutional right of due process*".[43]

Applying the above legal criteria to the facts in this case, this Honorable Court should reverse the bankruptcy court as to the Order confirming plan, consider that no hearing on confirmation was held. First, the October 14, 2014 was an oral argument on the objection to exemption controversy. As the transcript of said hearing reveals, no confirmation hearing was held on such date [Docket entry no. 91, Appendix pages 105-171]. Moreover, as to the May 14, 2015 hearing, no confirmation hearing was held on such date. In this respect it should be noted that while the Bankruptcy Court identified in its February 4, 2015 "Order and Notice" that a hearing on confirmation would be held on May 14, 2015 [Docket entry no.66, Appendix page 202], a hearing was held on such date, but not on the confirmation of the plan. At the May 14, 2015 hearing, the court initially stated, "*We're here for a confirmation of a Chapter plan. I understand there is a homestead issue*" [Docket entry 93, Appendix page 205]. Besides that pronouncement, the court did not discuss, nor made findings at said hearing as to whether Appellee's plan met the confirmation requirements established in the Bankruptcy Code in Sections 1322 and 1325. The transcript of the May 14, 2015 hearing reveals that the discussion was strictly a continuation of the oral argument as to the objection to exemption contested matter [Docket entry no.93, Appendix pages 204-235]. At the conclusion of said hearing, the bankruptcy judge indicated that the Court would be issuing an opinion on the objection to exemptions controversy [Docket entry no.93, Appendix page 234, Lines 11-12]. In turn, that matter had to be decided by the Court first, in order for the court to comply with its statutory obligation, enunciated in *Espinosa, supra*, to verify that the plan complied with all confirmation

---

[43] *In re O'Neal*, supra.

requirements of Section 1322 and Section 1325 of the Bankruptcy Code,[44] including the fundamental confirmation standard of Section 1325(a)(4). Hence, the bankruptcy court might have intended to have a confirmation hearing on May 14, 2015, it did not. While being very appreciative of the ample time the Bankruptcy Court gave Appellant and Appellee to brief and discuss the homestead issue, we submit that upon entering the Order denying Appellant's objection to exemptions [Docket entry no.71, Appendix pages 236-249], the Bankruptcy Court should have rescheduled the confirmation hearing, as it had done in the past [[Docket entry no.28, Appendix page 42], in order to allow Appellant reasonable time to re-evaluate the case, particularly the plan's compliance with Section 1325(a)(4), and be given opportunity to appear and be heard as to the confirmation of the plan. Considering that the confirmation of a plan is a crucial stage in a chapter 13 case, the rescheduling of the hearing was necessary.

It is pointed out that while the Docket entry no.92 of the bankruptcy case indicates that there was a hearing on May 15, 2015, there was no hearing held on such date. Hence, it is a misstatement in the record to indicate that there was a hearing on such date. Evidence of this fact is the absence of a court minutes for a hearing on May 15, 2015. In further support of Appellant's contention is the fact that the information contained in the docket entry #92 relates to the court's orders given at the hearing held on May 14, 2015.[45] If this court examines the court's order at Docket entry no. 69, it will find that it is the same information that appears in Docket entry no.92.

Lastly, considering that no actual hearing on confirmation was held, the notice given by the Bankruptcy Court on February 4, 2015 of the hearing on confirmation [Docket entry no.66,

---

[44] Confirmation requirements of a chapter 13 are found in Section 1325 and Section 1322 of the Bankruptcy Code.
[45] We refer to the following language in Dockets 92 and 93: " (RE: related document(s) 69 Minutes of Hearing. The parties presented their respective positions as reflected in the filed legal memoranda. After posing several questions to the parties, the Court took the matter under advisement. (related document(s): 66 Order And Notice Chapter 13 Confirmation Hearing)"

Appendix page 202] should not be considered "adequate notice" since the purpose served by the Notice, i.e., to hold a confirmation hearing, issued was not effectuated.

**CONCLUSION**

Based on all of the above said, Appellant requests that the bankruptcy court's Order denying the objection to homestead exemption [Docket entry no.71, Appendix pages 236-249] be reversed, since Appellee is not entitled to the homestead exemption under the 2011 Puerto Rico Homestead Act. Crucial to this matter is the interpretation of the word "exclusively" in Section 3. In conducting statutory interpretation, just like form cannot take precedence over substance, grammar rules cannot be applied in such a manner as to end up disregarding the text itself. "*Scalia taught us that the law matters, that the law is the written word, and that the written word takes its meaning from how history understands it, not what we wish it might mean*".[46] In the instant case, the bankruptcy court's interpretation of the word "exclusively" is contrary to the clear text of the law establishing that the homestead protection attaches when the property is only used as the principal residence. Alternatively, Appellant submits that a fair accommodating interpretation is one whereby Appellee receives a partial homestead protection.

As to the order confirming plan [Docket entry no.71, Appendix page 250], suffice to say that due process concerns require that the Order be vacated and that Appellant be given adequate notice of a hearing on confirmation and also to have opportunity to appear and be held at a hearing on confirmation.

**RESPECTFULLY SUBMITTED**.

---

[46] Paul Larkin in *"How Justice Scalia Changed the Law."* My Heritage. The Heritage Foundation, https://www.myheritage.org/excerpts/heritages-paul-larkin-explains-how-justice-scalia-changed-the-law/ . Last visited February 23, 2016.

**CERTIFICATE OF COMPLIANCE:** Appellant hereby certifies that the foregoing brief, up to and including "Respectfully Submitted", contains 10,197 words, including all footnotes, and complies with Rule 8015 of the Federal Rules of Bankruptcy Procedure.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, appellant's attorney, Edwin Matos, Esq. at tribunal@zenogloro.com, Félix Zeno Gloró, Esq.,at tribunal@zenogloro.com and to U.S. Trustee, Monsita Lecaroz, Arribas, Esq,, are being served electronically with copy of this brief and its Appendix by the Notice of Docket Activity generated with its filing.

In San Juan, Puerto Rico, February 24, 2016.

/S/ **MIRIAM D.SALWEN ACOSTA**
MIRIAM D.SALWEN ACOSTA
Attorney for Appellant
Chapter 13 Trustee
Alejandro Oliveras-Rivera
USDC-PR # 208910
P.O. Box 9024062
San Juan, PR 00902-4062
Tel. (787)977-3520
msalwen@ch13sju.com