UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**CHAPTER 13 TRUSTEE**　　　　　　　　　**CIVIL NO. 15-2035-CCC**
**ALEJANDRO OLIVERAS RIVERA**
　　**Appellant**

v.　　　　　　　　　　　　　　　　　　Appeal from the
　　　　　　　　　　　　　　　　　　　Bankruptcy Court

**ANTONIO OTERO NAZARIO**
　　**Appellee**

**APPELLANT CHAPTER 13 TRUSTEE
ALEJANDRO OLIVERAS RIVERA'S
REPLY BRIEF**

# APPELLANT'S REPLY BRIEF

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | DISCUSSION | 1-8 |
| | A. Interpretation of the word "exclusively" in Section 3 of Law 195 of September 13, 2011, as amended, 31 P.R.L.A. § 1858. | 2-4 |
| | B. Appellant does not have to demonstrate "abandonment" of the homestead protection in order to pursue and prevail in his objection to exemption. | 4-5 |
| | C. The Puerto Rico Supreme Court in the case of *Santoni v. G. Llinas*, 63 D.P.R. 199 (1944) is not applicable to this controversy. | 5-6 |
| | D. Appellant's alternative argument of partial exemption serves as a balance between Appellee's right to homestead and granting his creditors a distribution for the non-exempt portion of the property. | 6-8 |
| III. | CONCLUSION | 8-9 |
| | **CERTIFICATE OF COMPLIANCE** | 9 |
| | **CERTIFICATE OF SERVICE** | 9-10 |

APPELLANT'S REPLY BRIEF

TABLE OF AUTHORITIES

**Case Law**

- *In re Edwards*, 281 B.R. B.R. 439, 446 (Bankr.D. Mass.2002)……………………......5

- *In re Englander,* 95 F.3d 1028 (11 Cir. 1996)…………………………..………..6,7,8 & 8

- *In re Englander*, 156 B.R. 852 (Bankr.M.D. Fla.1992) …………………………….....7,8

- *In re Marrama*, 307 B.R. 332 (Bankr.D.Mass. 2004)……………………………..…...5

- *In re Navarro*, 504 B.R. 316 (Bankr.D.P.R. 2014)
  2014 WL 293247……………………………………………………………...6,8

- *In re Nofsinger*, 221 B.R. 1018, 1021 (Bankr.S.D. Fla.1998)……………………….…8

- *In re Pietrunti*, 207 B.R. 18 (Bankr.M.D. Fla.1997)……………………………….…...8

- *In re Rodríguez*, 55 B.R. 519 (Bankr.S.D. Fla.1985) …………………………………8

- *Santoni v. G. Llinas*, 63 D.P.R. 199 (1944)………………………………………..5,6

- *Shillinglaw v. Lawson*, 88 B.R. 406 (S.D. Fla.1988) ……………………………………8

- *In re Wierschem*, 152 B.R. 345 (Bankr.M.D. Fla.1993)  …………………………….8

- *In re Wilson*, 393 B.R. 778, 783 (Bankr.S.D. Fla.2008)…………………………….8


**Puerto Rico Statutes**

- 31 PRLA § 1854……………………………………………………………………………2
  .
  Law No. 87 of May 13, 1936,
- 31 PRLA § 1851-1857……………………………………………………………….…2,3

- Puerto Rico Homestead Law No. 195 of September 13, 2011, as amended,
  31 PRLA §§1858-1858k……..........................................................................2,4,8,9

- Law 257 of September 15, 2012……………………………...........………...2.,9

- 31 PRLA §1858……………………………………………………….……..2,3,4,6

- Law No. 257 of September 15, 2012……………………………...........………...2.,9

- 31 PRLA §1858(d)...……………………………………………………………...3,6

- 31 PRLA §1858(a)…….. …………………………………………………………..9

- Law of March 12,1903…………...……………………………...........……..…......3

## **Other Statutes**

- Florida, Fla. Const. Art. X, § 4(1)……………………………………………….7

## **Rules**

- Fed. R. Bankr. P. 4003(b)……………………………………………………….5

- Fed. R. Bankr. P. 4003(c)……………………………………………………….5

- Fed. R. Bankr. P. 8014(c)……………………………………………………......1

- Fed. R. Bankr. P. 8015………………………………………………………….9

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CHAPTER 13 TRUSTEE**<br>**ALEJANDRO OLIVERAS RIVERA**<br>     **Appellant** | **CIVIL NO. 15-2035-CCC** |
| v. | Appeal from the<br>Bankruptcy Court |
| **ANTONIO OTERO NAZARIO**<br>     **Appellee** | |

**TO THE HONORABLE COURT:**

Comes now Appellant, Chapter 13 Trustee, Alejandro Oliveras Rivera, represented by the undersigned counsel and very respectfully submits the hereinbelow reply brief:

**I.     Introduction**:

On April 11, 2016, Appellee, Antonio Otero Nazario filed his brief in reply to Appellant's brief on appeal. *Dkt. No.12*

Appellant filed a motion for extension of time (as amended) to file his reply brief, to conclude on June 10, 2016. *Dkt. No.16.* To date, this Honorable Court has not ruled on the motion for extension of time. Pursuant to Federal Rule of Bankruptcy Procedure 8014(c), Appellant hereby submits his brief in reply to Appellee's reply brief.

**II.     Discussion**

The discussion appearing below is presented along the lines of the arguments outlined by Appellee in his reply brief that Appellant understands warrant a response. It is clarified that this reply brief should not be construed as replacing Appellant's arguments made in his brief on appeal filed at Docket 8.

**A. Appellee's interpretation of the word "exclusively" in Section 3 of Law 195 of September 13, 2011, as amended, 31 PRLA § 1858.[1]**

As thoroughly discussed by Appellant in his brief on appeal [Dkt.8], the word "exclusively" cannot mean what the bankruptcy court and Appellee contends, inasmuch the 1936 Homestead Law (31 LPRA § 181-1857) already established <u>that the homestead right could be claimed only over one residence and subject to criminal sanctions, thus, the word must have meant something else</u>. This is not mere conjecture; by reading 31 PRLA § 1854, one can easily corroborate this fact. Interestingly, Appellee did not comment on this matter.

In a desperate attempt to convince this court on the meaning of the word "exclusively", Appellee comes up with the argument that "*…, all new law replaces the old…*"*(Appellee's Reply Brief, at Page 18)*. No authority in the realm of statutory construction and interpretation is given for such a sweeping dogma, aside from the fact that it does not hold true in all instances. Laws amending prior laws on the same subject matter do not necessarily abrogate the entire text of the existing (old) law. As a matter of fact on the subject matter of homestead, that is precisely the case. Homestead Law No. 257 of September 15, 2012 did not extinguish in its entirety Law 195. Likewise, pursuant to Section 17 of Law 195, for cases filed in court before September 13, 2011, the applicable law will be the 1936 Homestead law, 31 PRLA § 1851-1857.

Most importantly, Appellant is <u>not</u> suggesting that Law 195 be replaced by the 1936 Homestead Law. Rather, we submit that an analysis of the former homestead laws assists in understanding the Legislature's intention when enacting the new law. After all, when drafting Law 195, the Puerto Rico Legislature has considered the prior homestead laws. In this respect we cite the relevant portions of the Statement of Motives of Law 195:

---

[1] Hereinafter referred to as "Law 195".

> *"In keeping with the foregoing, the protection of the home and family has been a part of our body of laws for a long time. Homestead protection was established for the first time in our jurisdiction through the 'Act to Define Homestead and to Exempt it from Forced Sale,' of March 12, 1903. This Act was repealed in its entirety by Act. No. 87 of May 13, 1936, which was recently amended by Act. No. 116-2003 among others[sentences omitted]. We should not overlook that our Homestead statute dates back to 1936, and must, therefore, be adjusted to our time."*

In a further attempt to negate Appellant's interpretation of the word "exclusively", Appellee urges the court to apply "logic" *(Appellee's Reply Brief, at Page 18)*. Appellee is asking the Court to use reason, sense, lucidity, rationality and common sense in the review of the parties arguments. Appellant, grants that the Court will do that in this case, as it does in all its judicial endeavors. And the Court will do so, particularly in regards to Section 3 of Law 195 from which it is clear that homestead attaches when: (a) the structure, to mean the entire property; (b) is occupied exclusively as principal residence of (c) by the individual or his/her family.

Lastly, in clear acknowledgment of the weakness of his interpretation on the usage of the word "exclusively", Appellee submits an alternative interpretation that is in contravention to Section 3 and as such, it should be rejected. Appellee argues in the alternative:

> "**Thus assuming without conceding that there is some merit to the Trustee's linguistic theory that 'exclusively' modifies the occupancy of the residence** thus prohibiting its partial rental, we can read the phrase 'exclusively as a principal residence' just after 'family' as a singular limitation of the family's use of the premises in cases where the owner or lawful claimant is no longer present. In that way, just as the Trustee is doing, **we may conclude that partial rental of the premises may indeed be forbidden, but only as to the family**, because the family can otherwise rent out the entire residence for cause under Section 7." (*Appellee's reply brief; Page 12*) (Our bold)

The above interpretation is against the provisions of Section 3, which grants the homestead protection of "the structure… occupied by him/her **or his/her family** exclusively as a principal residence." (Our bold and underline). Hence, contrary to Appellee's view, the

statute grants the same homestead right to the homesteader or to his family.

In further support of Appellant's contention, is Law 195's Statement of Motives, from which it can be gathered that protection of "the family" was a key element when drafting the homestead exemption. Cited below are some excerpts:

> "In Puerto Rico, there is a keen social interest to protect families and foster the acquisition of adequate and safe housing by each and every family"; "In keeping with the foregoing, the protection of home and family has been a part of our body of laws for a long time"; "Losing a home is a serious setback for any family. Such loss not only has financial implications, but also the potential of affecting the emotional stability of all members of a family unit"; "In light of the foregoing, this Legislative Assembly deems it convenient to pass a new advanced homestead legislation which provides better protection to the homes or principal residences of all individuals residing in Puerto Rico and their respective families".

**B. Appellant does not have to demonstrate "abandonment" of the homestead protection in order to pursue and prevail on his objection to exemption.**

In his Reply Brief, Appellee wrongly asserts the following: "*The Chapter 13 Trustee objected to Debtor's homestead exemption arguing in a series of papers filed below that the partial rental of Debtor's residence constitutes an abandonment of the homestead protection under Section 3 of the Law 195*". [Appellee's Reply Brief; Page 4, last ¶]. Contrary to Appellee's contention, the record is clear that Appellant has not argued his objection to homestead exemption based on the theory of abandonment of the homestead protection. Rather, Appellant's argument in this controversy has always been that Appellee is not entitled to the homestead protection as he does not meet the requirements of Section 3 because he does not use the entire structure as his principal residence. Put in other words, Appellant is questioning the validity of Appellee's entitlement to homestead protection, which suffices for purposes of his objection to exemptions. Appellant is not required to demonstrate abandonment of the homestead in order to pursue his objection to exemptions.

In support for Appellant's argument that he does not need to demonstrate abandonment of the homestead exemption, we submit <u>for this purpose</u> the case *of In re Marrama[2]*, where the Bankruptcy Court of Massachusetts citing another case from that jurisdiction, pronounced the general norm applicable to an objection to homestead exemption under FRBP 4003(b):

> "The party objecting to a claim of exemption bears the burden of proving that the debtor did not properly claim the exemption. Fed. R. Bankr. P. 4003(c). Thus, the objecting party bears the burden to establish that the debtor did not create a valid estate of homestead, or **alternatively**, that it no longer existed at the time of the filing of the bankruptcy petition. *In re Edwards*, 281 B.R. 439,446 (Bankr.D.Mass.2002)" (Our bold and underline)

As to the cited case it is noted that, while Massachusetts contains a different homestead provision than Puerto Rico, the above pronouncement is relevant for purposes of establishing that questioning the validity of the homestead exemption is basis to object to the exemption.

Finally, and of paramount importance, no consideration should be given by this Court to Appellee's abandonment argument. Appellee pressed on this issue by way of motions *[Appellant's Appendix, at Page 54, ¶24; Page 56 ¶ 31; Page 61, ¶ 40; Pages 92, last ¶; Page 93, first ¶; Page 98, last ¶]* and also orally, at the October 14, 2014 Oral Argument *[Page 149, Lines 10-24]*. From the complete silence in the Order denying Appellant's objection to exemptions over the abandonment argument, it can be inferred that the bankruptcy court did not adopt the argument. *[Appellant's Appendix, Pages 236-249]*.

### C. Application of the ruling of the Puerto Rico Supreme Court in the case of *Santoni v. G. Llinas*, 63 D.P.R. 199 (1944) is not applicable to this controversy.

In his Reply Brief, Appellee urges this Honorable Court to apply the Puerto Rico Supreme Court case of *Santoni v. G. Llinas, supra*, as allowing the partial rental of the property for purposes of preserving the homestead protection ("*On the facts, Santoni is clearly applicable to this case where we have partial rental of the homestead coupled with residency by*

---

[2] 307 B.R. 332 (Bankr.D.Mass. 2004).

*the Debtor.*") *[Appellee's Reply Brief, Page 15, at first ¶]*. As ordered by the bankruptcy court, Appellant thoroughly briefed the *Santoni* case, as well as other Puerto Rico Supreme Court cases, wherein it was discussed why that case law is not instructive to adjudicate the controversy [*Appellant's Appendix, Pages 172-184*]. In fact, the case of *Santoni, supra*, was not considered by bankruptcy court in its Order denying Appellant's objection to exemptions *[Docket entry no. 71, Appendix pages 236-249]*. Lastly, Appellee himself admits that "*discussion of old homestead cases does not shed much light over the substance of this dispute.*" *[Appellee's Reply Brief, Page 7 ¶2, last sentence]*.

**D. Appellant's alternative argument of partial exemption serves as a balance between Appellee's right to homestead and granting his creditors a distribution for the non-exempt portion of the property.**

Although convinced that Appellee is not entitled at all to homestead exemption for failure to comply with the requirements of Section 3 and/or Section 7 of Law 195, Appellant has submitted as plausible under a liberal approach favorable to Appellee, the granting of a partial exemption as to the part of the property occupied by him as principal residence.

This partial exemption is not without basis. Chief Bankruptcy Judge Enrique S. Lamoutte in the case of *In re Navarro*, 504 B.R. 316 (Bankr. D.P.R. 2014) granted a partial exemption where the debtor lived in part of the property and rented another part. Since our homestead law is more restrictive than Florida by not allowing at all the use of the property for other than the owner or his family's principal residence, reliance by Judge Lamoutte of a partial exemption was a liberal interpretation favoring the debtor.

In turn, in view of our more restrictive homestead provision, it was appropriate for Judge Lamoutte to adopt the pronouncement of the Eleventh Circuit case of *Englander*, 95 F.3d 1028

(11th Cir.1996) that calls for "*an equitable solution, [that] allows for an appropriate recognition of the debtors' homestead exemption and will afford the creditors some satisfaction of their rightful claims*".

In *Englander,* 156 B.R. 852 (Bankr. .M.D. Fla.1992), the controversy that led to the sale of the property was trustee's objection to exemptions since debtors were claiming exempt the entire Florida property located in Winter Park, Florida, and part of the property consisted of an apartment on top of their garage which they were renting. Trustee argued that the debtors were claiming the entire property as homestead, while the constitutional homestead provision included a limitation of .50 acre for property located in a municipality. As to the rental argument, trustee argued that it defeated the homestead exemption.

From the facts presented in the bankruptcy opinion of In *Englander, supra,* it can be gathered that, after repeated inaccurate disclosures by the debtors as to the size of their Florida property, they eventually ended up claiming as exempt .50 acre of the property, which is the size permitted under the constitutional homestead provision for a property in a municipality, and left a remaining .55 acre as non-exempt, *Florida, Fla. Const. Art. X, § 4(1).* A Florida statute enables debtors to elect the portion that will be subject of the homestead. Debtors' election of the .50 acre, it left a remaining non-exempt.55 acre that was found by the court with diminished or no value due to the lack of access to it.

Based on the diminished value of the non-exempt land, it can be inferred from the Englander bankruptcy court's Opinion that the court concluded that the debtors were claiming in excess of the half acre permitted by the Florida Constitution, *Florida, Fla. Const. Art. X, § 4(1),* and therefore granted trustee's objection to exemptions based on the size limitation and

ordered the property to be sold.

Contrary to Appellee's view on the case of *In re Englander, supra*, the sale of the property was <u>not</u> due to the court's finding of bad faith on the part of the debtors. The Opinion is very clear on this matter. This is not to say, however, that the bankruptcy court ignored debtors' bad faith of repeatedly failing to disclose the correct size of their property and by electing the exempted portion of the property in a manner than rendered the non-exempt portion with diminished or without value. Based on a finding that the Englanders' actions constituted bad faith and misconduct, the bankruptcy court initially denied the homestead exemption completely, while later allowing them a "fair share", of the proceeds from the sale of their residence.

Lastly, the rental aspect of the *Englander* case is not instructive in the adjudication of the instant appeal. Although the rental apartment on top of the garage in *Englander, supra*, was found to be within the homestead exemption under the factual scenario presented there, the facts remains that our homestead law does not allow for the property to be used for anything but the principal residence of the individual or his family. Moreover, while *Englander, supra,* the rental was considered within the homestead, that does not mean that it has been a uniform ruling in Florida. Judge Lamoutte in the case of *In re Navarro, supra*, cited a number of bankruptcy court opinions from Florida where the homestead exemption has not been granted as to the part dedicated to rental[3].

### D. CONCLUSION

The answer in adjudicating this appeal lies in Law 195, not in unrelated revenue statutes.

---

[3] *In re Wilson*, 393 B.R. 778, 783 (Bankr.S.D. Fla.2008); *In re Nofsinger*, 221 B.R. 1018, 1021 (Bankr.S.D. Fla.1998);*Shillinglaw v. Lawson*, 88 B.R. 406 (S.D. Fla.1988*); In re Pietrunti*, 207 B.R. 18 (Bankr.M.D. Fla.1997); *In re Wierschem,* 152 B.R. 345 (Bankr.M.D. Fla.1993) and *In re Rodríguez*, 55 B.R. 519 (Bankr.S.D. Fla.1985).

Contrary to Appellee's assertion, Law 195 was not enacted to protect debtors from losing their properties to bankruptcy trustees *[Appellee's reply brief, Page 18, ¶3]*. There is no language to that effect in the law. In fact, initially Law 195 included a provision in Section 4(d), whereby the homestead granted pursuant to that Law was waived as to individuals filing for bankruptcy protection, *31 PRLA §1858(a)*. Thereafter, in 2012 the statute was amended through Law 257 of September 15, 2012 to allow bankruptcy individuals <u>who comply with the requirements of the law</u>, to claim the exemption. Besides extending the applicability of the statute to bankruptcy proceedings, Law 195, as amended, says nothing else about its application in bankruptcy.

In summary, Law 195 was enacted to grant homestead protection for individuals- who may or may not be bankruptcy debtors- and who comply with the requirements of said law. Appellee does not meet the requirements of the law, therefore it is meritorious for this Honorable Court to grant this appeal and reverse the bankruptcy court's Orders. *[Appellant's Appendix, Pages 236-249; Page 250 ]*.

**RESPECTFULLY SUBMITTED**.

**CERTIFICATE OF COMPLIANCE:** Appellant hereby certifies that the foregoing reply brief, without the cover sheet and up to and including its Conclusion, contains 2,776 words, including all footnotes, and complies with FRPB 8015.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, appellee's attorneys, Edwin Matos, Esq. at tribunal@zenogloro.com, Félix Zeno Gloró, Esq.,at tribunal@zenogloro.com and the U.S. Trustee, through Monsita Lecaroz, Arribas, Esq,, are being served electronically with copy of this reply brief by the Notice of Docket Activity generated with its filing.

In San Juan Puerto Rico, on June 9, 2016.

**/S/ MIRIAM D.SALWEN ACOSTA**

MIRIAM D.SALWEN ACOSTA
Attorney for Appellant
Chapter 13 Trustee
Alejandro Oliveras-Rivera
USDC-PR # 208910
P.O. Box 9024062
San Juan, PR 00902-4062
Tel. (787)977-3520
msalwen@ch13sju.com
