IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:
ALEJANDRO OLIVERAS RIVERA	CIVIL 15-2035CCC
Appellant
vs
ANTONIO OTERO NAZARIO
Debtor-Appellee

**AMENDED OPINION AND ORDER *NUNC PRO TUNC***

Appellant Alejandro Oliveras-Rivera ("Chapter 13 Trustee" or "Trustee") appeals the Bankruptcy Court's July 15, 2015 Order denying his objection to appellee Antonio Otero Nazario's ("Debtor") claim of a homestead exemption in real property pursuant to the Homestead Right and Family Home Protection Act, P.R. Laws Ann. tit. 31, §§ 1851-1857, as amended by Act No. 195 of September 13, 2011 ("Act 195"). For the reasons that follow, the Court AFFIRMS IN PART and REVERSES IN PART the Bankruptcy Court's order denying the Trustee's objection to Debtor's homestead exemption.

**BACKGROUND**

Debtor Antonio Otero Nazario filed for bankruptcy relief under Chapter 13 on June 28, 2013.[1] He claimed a homestead exemption in the amount of $140,000.00 over his interest in real property owned by him and his non-filing spouse consisting of a two-story cement house.[2] Debtor declared under

---

[1] Case No. 13-05391-MCF (d.e. 1).

[2] Case No. 13-05391-MCF (d.e. 1 at p. 22).

CIVIL 15-2035CCC 2

penalty of perjury that the property was his principal residence and that he had not claimed any other property in or outside Puerto Rico as a homestead.³ The Trustee filed an objection to Debtor's claim of a homestead exemption on August 2, 2013, arguing that the property was not used exclusively as his principal residence since the lower level was leased.⁴ The Bankruptcy Court sustained the Trustee's unopposed objection and the Debtor filed for reconsideration.⁵ The Bankruptcy Court granted the Motion for Reconsideration on September 18, 2013, vacating its previous order sustaining the Trustee's objection.⁶ On September 26, 2013, the Trustee filed a Memorandum of Law in Support of Trustee's Objection to Exemptions arguing that Debtor's lease of his property's lower level precluded him from claiming a homestead exemption under Act 195.⁷ On November 27, 2013, Debtor filed a Response and Memorandum of Law In Opposition To Trustee's Objection to Exemptions, and the Trustee filed a sur-reply on February 24, 2014.⁸ The Bankruptcy Court heard oral argument on October 14, 2014 and allowed the parties to file supplemental briefs.⁹ A final hearing was held on May 14, 2015.¹⁰

---

³*Id.*

⁴Case No. 13-05391-MCF (d.e. 12 at p. 2).

⁵Case No. 13-05391-MCF (d.e. 16 and d.e. 17).

⁶Case No. 13-05391-MCF (d.e. 19).

⁷Case No. 13-05391-MCF (d.e. 22).

⁸Case No. 13-05391-MCF (d.e. 30).

⁹Case No. 13-05391-MCF (d.e. 57).

¹⁰Case No. 13-05391-MCF (d.e. 69).

The Bankruptcy Court issued an Opinion and Order on July 15, 2015 denying the Trustee's objection to the homestead exemption.[11]  On July 16, 2015, the Bankruptcy Court entered an Order confirming Debtor's Chapter 13 Plan dated June 26, 2013.[12]  Appellant Trustee filed this appeal on July 29, 2015. (d.e. 1).

## JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction pursuant to 28 U.S.C. § 158(a). Section 158(a) (1) provides, in relevant part, that "[t]he district courts of the United States shall have jurisdiction to hear appeals: (1) from final judgments, orders, and decrees . . . ." 28 U.S.C. § 158(a) (1).  An order sustaining an objection to exemption is a reviewable final order.  *In re Gordon*, 487 B.R. 600, 602 (B.A.P. 1st Cir. 2013).

This Court reviews a Bankruptcy Court's findings of fact for clear error and the legal conclusions are reviewed *de novo*.  *Id*.  There are no disputed facts involved in this appeal.  Bankruptcy Court's Order rests on its construction and application of Puerto Rico's homestead statute.  Therefore, our scope of review is *de novo*.

## DISCUSSION

Section 522 of the Bankruptcy Code allows a debtor to exempt certain property from the bankruptcy estate that would otherwise be available for distribution to creditors.  Specifically, section 522(b) allows debtors to choose

---

[11] Case No. 13-05391-MCF (d.e. 71).

[12] Case No. 13-05391-MCF (d.e. 72).

CIVIL 15-2035CCC                           4

between the federal bankruptcy exemptions listed in section 522(d), or the exemptions provided by the state of residence together with those provided by federal law. *See* 11 U.S.C. § 522.

An individual is entitled to a homestead exemption under Puerto Rico's Act 195 if (1) (s)he owns the residential property and (2) (s)he occupies the property as his/her principal residence. Specifically, section 3 of Act 195 states that:

> Every individual or head of family residing in Puerto Rico shall be entitled to own and enjoy, under the homestead right concept, a parcel and the structure located thereon, or a residence under the regime established in the Condominiums Act, **which belongs to him/her or which he/she lawfully owns**, and **occupied by him/her or his/her family exclusively as a principal residence.** For the purposes of this Act, the term domicile shall be defined as provided in Article 11 of the Political Code of 1902, as amended. Act No. 195 of September 13, 2011, Section 3. (emphasis ours).

The Bankruptcy Court determined after an analysis of the statutory construction of section 3 that the adverb "exclusively" modifies "as a principal residence" and not "occupied." The Bankruptcy Court reasoned as follows:

> Upon a plain reading of the statute, the adverb "exclusively" modifies "as a principal residence" and not "occupied." The adverb's placement and purpose in the clause are determinative factors of statutory interpretation in our analysis.
>
> The portion at issue in Section 3 reads "and occupied by him/her or his/her family exclusively as a principal residence." This clause may be severed into three syntactic components. The first component, a coordinating conjunction and a verb, "and occupied," respectively, joins this clause to the rest of Section 3. The second component—"by him/her or his/her family"—joins the first thereby indicating possession and resulting in an adverbial phrase that modifies "occupied." The third part—"exclusively as principal residence"—is a prepositional phrase, resulting from the adverb "exclusively" and the preposition that follows.
>
> As a general rule, an adverb should be placed as near as possible to the word it modifies. Here, the adverb "exclusively" immediately precedes the prepositional phrase "as a principal residence" rather

> than "occupied." If the adverb "exclusively" preceded "occupied" then the occupancy of the principal residence would be unequivocally modified by the adverb "exclusively." The trustee would then be correct in his analysis that the debtor is disqualified from claiming the homestead protection over his residence because he shares the occupancy of his residence with a tenant. Nevertheless, the adverb's placement trumps the trustee's interpretation because exclusively is in close proximity and precedes the prepositional phase "as a principal residence."
>
> Moreover, the adverb's purpose in the sentence structure is to modify the prepositional phrase, "as a principal residence." Adverbs may modify prepositional phrases. Adjusting the purpose of the adverb "exclusively" as read by the trustee to modify "occupied" would render the remaining portion—"as a principal residence"—needless in the text of Act 195.  The word "exclusively" refers to the homesteader's principal residence as the sole residence eligible for entitlement to the homestead grant, with the exclusion of any other properties that a homesteader may own. For this reason, the adverb's purpose in the sentence structure undermines the trustee's reading of Section 3.

The parties disagree as to whether "exclusively" modifies "as a principal residence" and not "occupied." We agree with the Bankruptcy Court's statutory construction that the word "exclusively" modifies "as a principal residence" and refers to the homesteader's principal residence as the **sole** residence eligible for entitlement to the exemption, excluding any other properties owned. Debtor owns the real property and has not claimed any other property in or outside Puerto Rico as a homestead.  Accordingly, he is entitled to the protections afforded by the homestead exemption.

We turn then to the second issue of whether the Bankruptcy Court erred in not considering Appellant's alternative argument to grant the homestead exemption <u>only</u> as to the portion of the structure that is used by him as principal residence.  The Bankruptcy Court determined that the homestead exemption extends to the whole property, even the portion of the property that is leased. It reasoned that Section 3 of Act 195 "preserves for every homesteader

residing in Puerto Rico the right to own and enjoy a principal residential property under the homestead grant."[13]  Referring to Article 288 (P.R. Laws Ann. tit. 31, § 1141), which defines a property owner's right of enjoyment and accession to fruits, and Article 289 (*Id.* at § 289), which defines civil fruits to include rents of buildings.  The Court concluded that the "right to own and enjoy" in Section 3 of Act 195 provides for the protection of the entire two story home as debtor's homestead.[14]  We disagree.

The legislative purpose of Law 195 is to protect an individual's primary residence from the claims of creditors.  *See Doña Antonia Rivera García, Peticionaria v. Lcda. Namyr I. Hernández Sánchez, Registradora de la Propiedad, Sección III de Bayamón, Recurrido*, 189 D.P.R. 628, 637, 2013 PR Sup. LEXIS 115, *9, 2013 TSPR 107.  Under the statute, the homestead is limited to the "parcel and the structure . . . occupied . . . exclusively as a principal residence."  We agree with the decision of the Bankruptcy Court in *In re Navarro*, 504 B.R. 316, 321 (Bankr. D.P.R. 2014), "that the homestead exemption afforded in [Act 195] only extends to the portion of the property used as the principal residence and cannot include any portion rented to and occupied by third parties and/or used for commercial purposes."  Finding otherwise would accomplish an illogical result: a person could own an apartment building with five units and claim the entire building as his homestead merely by using one of the apartments as his or his family's principal residence while renting the rest.  The debtor would therefore be able

---

[13]Case No. 13-05391-MCF (d.e. 71 at pp. 8-9).

[14]*Id.* at pp. 9-10.

to claim the entire structure as his homestead when (s)he would not be using it "exclusively" as his/her principal residence.  This would stretch the purpose of the statutory protection beyond its reach, which is to protect the family home.

It is uncontested that at the time he claimed a homestead exemption, Debtor had leased the lower level of his property.  Accordingly, we remand to the Bankruptcy Court for proceedings consistent with this finding that allows for a homestead exemption only as to the portion of the two-story cement house located in BDA. POLVORIN #500, Manatí, P.R., listed in Schedule A of the Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code (d.e. 1 of Bankruptcy Case No. 13-05391-MCF13), occupied by debtor as a principal residence.

## CONCLUSION

For the reasons discussed, the Bankruptcy Court's Order denying the Trustee's objection to Debtor's homestead exemption is AFFIRMED IN PART and REVERSED IN PART.

SO ORDERED.

At San Juan, Puerto Rico, on January 10, 2020.

S/GUSTAVO A. GELPÍ
Chief United States District Judge